UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRAYVIONTAE MALONE,

        Plaintiff,

        v.                                                                Case No. 24-cv-1651-bhl

NURSE KATE,

        Defendant.

---

## SCREENING ORDER

---

        Plaintiff Trayviontae Malone, who is currently serving a state prison sentence at the Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Malone's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

        Malone has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Malone has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $53.17. Accordingly, the Court will grant Malone's motion for leave to proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

Case 2:24-cv-01651-BHL    Filed 03/21/25    Page 2 of 7    Document 8

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

On November 6, 2024, at around 9:12 p.m., Defendant Nurse Kate scanned Malone's ID then gave him the wrong medication. Dkt. No. 1 at 3. Malone states that Nurse Kate "knew" that she made a mistake because "she made a scared face." *Id*. Malone states that he had a stomachache and a headache for one week, and he also experienced fear and loss of sleep from taking the wrong medication. *Id*. For relief, he seeks monetary damages. *Id*.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

To state a claim under the Eighth Amendment, Malone must allege that: (1) he had an objectively serious medical condition; and (2) the defendant was subjectively deliberately indifferent towards it. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). A medical condition does not need to be life-threatening to be serious. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). However, it must generally be the sort of ailment for which people who are not in prison would seek medical attention. *See Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996) (holding that "minor aches and pains"—"the sorts of ailments for which many people who are not in prison do not seek medical attention"—do not constitute an objectively serious risk of harm.) A defendant is deliberately indifferent when he "actually knew of and disregarded a substantial

risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). Negligence does not meet this standard and "even admitted medical malpractice does not give rise to a constitutional violation." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006).

Malone alleges that Nurse Kate gave him the wrong medication one time on November 6, 2024 at 9:12 p.m. This one error is insufficient to state a claim. Courts have long recognized that an isolated, one-time mistake in dispensing the wrong medication amounts to negligence at most, not deliberate indifference. *See e.g., Van Leer v. Centurion Health of Indiana, LLC*, No. 1:22-CV-02050-TWP-MG, 2023 WL 2814156, at *2 (S.D. Ind. Apr. 6, 2023); *Anderson v. Novak*, 20-cv-901-bbc, 2021 WL 39621, at *1-2 (W.D. Wis. Jan. 5, 2021); *Robbins v. Pollard*, No. 16-CV-1128, 2016 WL 8672956, at *2 (E.D. Wis. Nov. 18, 2016). Malone's claim also fails because he has not alleged that he experienced consequences that could support an Eighth Amendment claim. Although it is possible that administering the wrong medication could pose an objectively serious risk of harm, Malone alleges that he suffered only a stomachache and a headache. These are not objectively serious medical conditions. *See Cooper*, 97 F.3d at 916 (noting that "minor aches and pains"—"the sorts of ailments for which many people who are not in prison do not seek medical attention"—do not constitute an objectively serious risk of harm). Indeed, most people who suffer a stomachache and a headache, even if it lasts for up to one week, would not seek medical attention from a professional. Finally, Malone also does not allege any other facts about what Nurse Kate allegedly said or did to show that she was subjectively deliberately indifferent towards his situation. The fact that she looked "scared" tends to show the opposite—that she cared about and was worried about the situation. Therefore, Malone fails to state a claim upon which relief can be granted and the Court will dismiss the original complaint.

4

The dismissal is not final, however.  As a general matter, *pro se* plaintiffs are allowed at least one chance to amend an inadequately pleaded complaint.  *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021).  The Court will therefore give Malone an opportunity to file an amended complaint to cure the deficiencies described above.  The Court will enclose a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen.  The Court also will include a blank prisoner amended complaint form.  The Court will require Malone to use that form to file his amended complaint.  *See* Civ. L. R. 9 (E.D. Wis.).  Malone is advised that the amended complaint must bear the docket number assigned to this case.  The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint.  *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).  In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading."  *Id.* at 1057 (citation omitted).  If Malone files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A.  If Malone does not file an amended complaint, the Court will likely dismiss this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Malone's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that the original complaint is **DISMISSED** because it fails to state a claim.  Malone may file an amended complaint that complies with the instructions in this order **within 30 days of this order**.  If Malone files an amended complaint by the deadline, the Court will screen it as required by 28 U.S.C. §1915A.  If Malone does not file an amended complaint by the deadline, the Court will likely dismiss this case.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Malone a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Malone shall collect from his institution trust account the **$296.83** balance of the filing fee by collecting monthly payments from Malone's prison trust account in an amount equal to 20% of the preceding month's income credited to Malone's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Malone is transferred to another institution, the transferring institution shall forward a copy of this Order along with Malone's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Malone is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse

517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Malone is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on March 21, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge